**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

**DIEGO DAVID MORA MERANDA**,

      *Petitioner*,

    v.

**DAVID VENTURELLA**, *et al.*,

      *Respondents*.

---

No. 26-cv-07973

**SELF-EXECUTING ORDER**

The Court is in receipt of the Petition for Writ of Habeas Corpus, (ECF No. 1), in which Petitioner alleges that they have been unlawfully detained under 8 U.S.C. § 1225(b) without a bond hearing. **IT IS ORDERED** that by **July 4, 2026, at 5:00 p.m.** Respondents **shall do one of the following:** (1) file an answer to the Petition, responding on a paragraph-by-paragraph basis, together with a legal memorandum or letter brief that:

    a. identifies the specific statutory or other legal authority upon which Petitioner was initially detained and upon which they rely for any assertion that Petitioner's detention is lawful, and further states whether Respondents contend that this case is factually or legally distinguishable from this Court's recent decisions in *Bethancourt-Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025), and *Rodriguez v. Rokosky*, No. 25-17419, 2025 WL 3485628 (D.N.J. Dec. 3, 2025), as well as the Second, Sixth, and Eleventh Circuits' decisions in *Cunha v. Freden*, No. 25-3141, 2026 WL 1146044 (2d Cir. Apr. 28, 2026), *Lopez-Campos v. Raycraft*, No. 25-1965, 2026 WL 1283891 (6th Cir. May 11, 2026), and *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, No. 25-14065, 2026 WL 1243395 (11th Cir. May 6, 2026), and, if so, identifies with specificity the bases for

any such distinctions;

b.  sets forth all procedural due process provided to Petitioner prior to his detention and

includes all related documents;

c.  identifies whether there is a final order of removal for Petitioner and, if so,

    i.  the date thereof;

    ii.  the total number of days detained and the specific dates thereof (including the cumulative amount of days of detention for any separate periods of detention);

    iii.  all efforts made since the date of the final order of removal to effectuate Petitioner's removal and the results thereof;

    iv.  all efforts made since the date of Petitioner's detention to effectuate Petitioner's removal and the results thereof;

d.  sets forth any and all facts related to alleged changed circumstances upon which

Respondents claim Petitioner's detention is lawful and necessary;

e.  states whether Petitioner has received a bond hearing and if not, why not, and if so,

provides

    i.  a full and complete copy of any decision of the immigration court as to bond;

    ii.  a full and complete copy of any transcript (recorded or transcribed) of any such proceedings; and

    iii.  the factual and legal basis upon which they claim any such proceeding was fundamentally fair;

f.  identifies the current status of any and all immigration proceedings related to Petitioner,

including but not limited to any pending applications or appeals;

g.  to the extent Respondents contend that Petitioner has a criminal history that warrants

detention, provides the Court with copies of all records and documents retrieved from

any federal, state, or local database searched in connection with Petitioner's detention,

including, without limitation, USCIS's Central Index System ("CIS"), the ENFORCE

Alien Removal Module ("EARM"), the Integrated Automated Fingerprint

Identification System ("IAFIS"), the National Crime Information Center ("NCIC"),

any state judiciary databases, and any other internal agency databases;

h.   otherwise fully responds to the allegations and grounds in the Petition, on a paragraph-by-paragraph basis, and includes all affirmative defenses Respondents seek to invoke; and

i.   serves with the response and/or answer a certification attesting as to the completeness and authenticity of all documents produced and information provided in response to this Order;

**OR** (2) release Petitioner by that same date and time. If Respondents do not timely file the answer and submission described above, the Court will deem Respondents to have elected release rather than merits briefing. In that event, Petitioner **SHALL BE RELEASED** under the same conditions, if any, that existed before their detention, including: (a) release in the State of New Jersey, if Petitioner was initially arrested in New Jersey, or otherwise as close to the place of initial arrest as reasonably practicable; (b) without additional conditions (such as ankle monitors or other electronic tracking devices); and (c) with all personal property seized at the time of arrest in the same condition as it existed immediately prior to arrest. If release occurs pursuant to this Order, Respondents shall promptly file a letter on the docket confirming the date, time, and location of release and certifying that the foregoing conditions have been satisfied. The letter shall be filed no later than the date and time set forth above. Upon receipt of such a letter, the Clerk of the Court shall close this case.

Additionally, if Respondents elect to release Petitioner rather than respond, it is **ORDERED** that Respondents are **PERMANENTLY ENJOINED** from arresting or detaining Petitioner under § 1225; that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for fourteen (14) days following their release; that any future

detention of Petitioner must comply with all statutory and constitutional requirements; and that this Court shall retain jurisdiction over any effort to re-arrest or re-detain Petitioner, and Petitioner may move to reopen these proceedings without filing a new habeas petition; and it is further

ORDERED that, if Respondents elect not to respond, Petitioner shall advise the Court if they intend to file any application for attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412, within fourteen (14) days of the entry of this Order. *See Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 421–22 (3d Cir. 2026); and it is finally

ORDERED that the Clerk of the Court shall forward a copy of the Petition, (ECF No. 1), and this Order to the Chief, Civil Division, United States Attorney's Office, at the following email address: USANJ-HabeasCases@usdoj.gov

**CHRISTINE P. O'HEARN**
**United States District Judge**

Dated: July 1, 2026

4